O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VARTOUHI DANIELIAN NAMAGERDI, ) | Case No. CV 12-00591-MLG |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of the ) Social Security ) Administration, ) | |
| Defendant. ) | |

Plaintiff Vartouhi Danielian Namagerdi ("Plaintiff") seeks judicial review of the Commissioner's final decision denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is reversed and the matter is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on September 23, 1946. (Administrative Record ("AR") at 64). She is unable to speak English and has work experience as a hairdresser. (AR at 75, 99).

On November 6, 2008, Plaintiff filed an application for SSI, alleging that she has been disabled since January 1, 2008, due to joint pain, back pain, leg pain, insomnia, nervousness, anxiety, weakness, poor memory, arthritis, osteoporosis, and thyroid and stomach problems. (AR at 64-67, 76). The Social Security Administration denied Plaintiff's application. (AR at 27-31).

An administrative hearing was held before Administrative Law Judge Joel B. Martinez ("the ALJ") on May 5, 2010. (AR at 20-22). Plaintiff's attorney appeared at the hearing, but Plaintiff voluntarily waived her right to appear and testify. (AR at 10, 99). In a written decision dated June 23, 2010, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date she filed her application for SSI, November 6, 2008 (step one). (AR at 12). Next, the ALJ found that Plaintiff's medically determinable impairments of degenerative disc disease of the lumbar spine and dysthymia were not severe, as they did not significantly limit Plaintiff's ability to perform basic work-related activities for 12 consecutive months (step two). (AR at 12, 14); *see* 20 C.F.R. at 416.921(a). Accordingly, the ALJ determined that Plaintiff was not under a disability from the date her application was filed through the date of the decision. (AR at 16).

On November 18, 2011, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR at 1-3).

Plaintiff commenced this action for judicial review on February 1, 2012. The parties filed a Joint Stipulation on August 16, 2012. Plaintiff contends that substantial evidence did not support the ALJ's

step two finding that Plaintiff's lumbar spine impairment is not severe.[1] (Joint Stipulation at 3-5, 18-19). Plaintiff seeks a remand for payment of benefits or, in the alternative, for further proceedings. (Joint Stipulation at 19). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 19).

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

---

[1] Plaintiff does not dispute the ALJ's step two determination with respect to her other impairments. (Joint Stipulation at 18).

3

### III. Discussion

Plaintiff contends that the ALJ erred in finding her lumbar back impairment to be not severe at step two of the sequential evaluation process. (Joint Stipulation at 3-5, 18-19). Specifically, Plaintiff contends that the ALJ failed to consider the clinical findings of her treating physician. (Joint Stipulation at 4). Plaintiff also asserts that the ALJ employed an improper standard for determining severity at step two. (Joint Stipulation at 4-5). The Court agrees with Plaintiff.

Records from Plaintiff's treating physician, Noobar Janoian, M.D., consistently identified Plaintiff's back impairment as one of Plaintiff's chronic problems. Dr. Janoian, who frequently saw Plaintiff for check-ups, medication refills, and treatment of her various medical conditions, first diagnosed Plaintiff with "backache NOS," in February 2007. (AR at 158). Plaintiff's diagnosis went unchanged until August 2008, when Plaintiff underwent a CT scan of her lumbar spine. (AR at 194). The scan showed that Plaintiff had a 4 to 5 mm right paracentral disc bulge at L5-S1, narrowing of the right lateral recess exacerbated by facet moderate hypertrophy, and moderate spondylosis deformans at L3-L4 and L4-L5. (AR at 194). After the CT scan, Dr. Janoian modified Plaintiff's diagnosis to "lumbar disc displacement." (AR at 195-96, 201, 203, 205, 207, 210, 213, 215, 218). Although Dr. Janoian did not describe Plaintiff's back condition in any great detail, his physical examinations of Plaintiff revealed Plaintiff experienced mild to moderate pain with movement that sometimes radiated down Plaintiff's leg. (AR at 119, 122, 195, 201, 216). Dr. Janoian's records suggested that Plaintiff's medically documented lumbar spine impairment had more than a minimal effect on her ability to work and was therefore, severe. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("An impairment

or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'") (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

The ALJ summarily dismissed Dr. Janoian's opinion. (AR at 14). The ALJ stated that Dr. Janoian's notes reflected "no more than routine, first-line management of her symptoms." (AR at 14). This finding did not reach the level of specificity required to reject the opinion of a treating physician. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions[;] [h]e must set forth his own interpretations and explain why they, rather than the doctors,' are correct."); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity our prior cases have required . . . ."). The ALJ had an obligation to set forth his own interpretations of the medical evidence and explain why they, rather than Dr. Janoian's findings were correct. *Embrey*, 849 F.2d at 421-23. Although an ALJ may reject a treating physician's opinion that is conclusory and unsupported by clinical findings, *see Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002), such is not the case here. As noted above, Plaintiff's CT scan and Dr. Janoian's findings on examination provided some objective evidence of Plaintiff's lumbar spine impairment. (AR at 194).

In making the step two determination, the ALJ adopted the residual functional capacity assessment made by the consultative internist, Michael S. Wallack, M.D., who found that Plaintiff had no functional limitations. (AR at 14). Based primarily on Dr. Wallack's opinion, the ALJ concluded, "[t]he objective evidence fails to establish that the

[Plaintiff] is unable to perform all work activity as she alleged." (AR at 14). The ALJ also stated, "the objective medical evidence and overall treatment history are consistent with the residual functional capacity and inconsistent with the claimant's allegations that she is unable to perform any work activity." (AR at 13). It appears the ALJ applied an incorrect standard in determining the severity of Plaintiff's impairments. At step two, there is no requirement that all work activity be precluded. Rather, the step two evaluation is a de minimis test intended to weed out the most minor of impairments. *Smolen*, 80 F.3d at 1290; *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). An impairment is not severe only if the evidence establishes "a slight abnormality that has no more than a minimal effect on an individual['s] ability to work." *Smolen*, 80 F.3d at 1290 (internal quotations marks omitted). That Plaintiff's back impairment may not have precluded Plaintiff from performing all work activity does not justify the ALJ's step two severity determination. (AR at 14); *Smolen*, 80 F.3d at 1290. Further, consideration of a claimant's residual functional capacity does not occur until after the step two determination has been made, and there has been a finding of severity. *See* SSR 96-8p, *2 (if disability determination cannot be made on the basis of medical factors alone at step three of the sequential disability evaluation process, ALJ then must identify claimant's functional limitations and restrictions and assess his or her remaining capacities for work-related activities).

In sum, because the ALJ failed to give proper consideration to the opinion of Plaintiff's treating physician, the step two determination is not supported by substantial evidence. *See Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 687.

//

**IV.   Conclusion and Order**

This case is reversed and remanded so that the ALJ may further evaluate the treating physician evidence and make appropriate findings. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

DATED:   September 12, 2012


                                                MARC L. GOLDMAN
                                                MARC L. GOLDMAN
                                                United States Magistrate Judge